# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIAM QUARLES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:10-CV-296-PRC |
| | ) |
| MERRILLVILLE COMMUNITY SCHOOL | ) |
| CORPORATION and GREG PIERSON, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings [DE 8], filed by Defendants on September 29, 2010, and Motion for Summary Disposition [DE 13], filed by Defendants on November 2, 2010. For the following reasons, the Court grants in part and denies in part the Motion for Judgment on the Pleadings and denies the Motion for Summary Disposition.

## BACKGROUND

On December 15, 2009, Plaintiff William Quarles filed a Charge of Discrimination with the EEOC against Merrillville Community School Corporation. On April 29, 2010, the EEOC issued a Dismissal and Notice of Rights to Sue.

On July 20, 2010, the Plaintiff filed a *pro se* Complaint on an Employment Discrimination form in this Court. The Plaintiff's Complaint consists of six numbered paragraphs regarding his allegations of discrimination under Title VII of the Civil Rights Act of 1964, as amended, The Age Discrimination in Employment Act ("ADEA"), and Equal rights under law, 42 U.S.C. § 1981. The first paragraph references his Charge of Discrimination filed with the EEOC "concerning [his] discrimination charge against Merrillville School coroporation [sic], concerning Asst. Head Custodian position at Merrillville High School and a Head Custodian position at Saulk [sic] elementary school." Compl. ¶ I. Paragraph six alleges that Plaintiff "ha[s] been discriminated

against by falsifyed [sic] records and discrimination of seniority due to race and gender." Compl. ¶ VI.

On September 29, 2010, Defendants filed the instant Defendants' Motion for Judgment on the Pleadings, with an accompanying brief in support, and Defendants' Lewis Notice informing Plaintiff, *pro se*, of the manner and time frame for a response to the Motion. Plaintiff did not file a response. On November 2, 2010, when the time for Plaintiff to file a response had passed, Defendants filed the instant Motion for Summary Disposition. Plaintiff has not filed a response to this Motion, and the time to do so has passed.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

**A.      Summary Disposition**

Defendants request that the Court enter a summary disposition in this matter because Plaintiff did not respond to their Motion for Judgment on the Pleadings. Northern District of Indiana Local Rule 7.1 provides:

> (a) Unless the court otherwise directs, or as otherwise provided in L.R. 56.1, an adverse party shall have fifteen (15) days after service of a motion in which to serve and file a response, and the moving party shall have seven (7) days after service of a response in which to serve and file a reply. *Failure to file a response or reply within the time prescribed may subject the motion to summary ruling*. Time shall be computed as provided in Fed. R. Civ. P. 6, and any extensions of time for the filing of a response or reply shall be granted only by order of the assigned or presiding judge or magistrate judge for good cause shown.

N.D. Ind. L.R. 7.1(a) (emphasis added). Local Rule 56.1, which applies to motions for summary

judgment, is inapplicable in this instance. The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999).

Defendants argue that Plaintiff's failure to respond to their Motion should result in summary disposition in their favor. Because Plaintiff is *pro se*, Defendants provided notice to him of the pending Motion for Judgment on the Pleadings, including the time and manner in which he was required to respond, and assert that Plaintiff's failure to respond despite this notice warrants dismissal of the action. The Court declines to enter a summary ruling in this instance and will instead address the Motion for Judgment on the Pleadings on its merits.

**B.     Judgment on the Pleadings**

In their Motion for Judgment on the Pleadings, Defendants request that the Court enter judgment in their favor because (1) the Plaintiff's ADEA claims are barred by the applicable statute of limitations and (2) the Plaintiff has not made a prima facie case of race or gender discrimination under Title VII or § 1981.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When a party moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the nonmoving party cannot prove facts sufficient to support his position." *Hous. Auth. Risk Retention Group, Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing *All Am. Ins. Co. v.*

*Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)). When ruling on a 12(c) motion, the Court considers only the pleadings, "which consist of the complaint, the answer, and any written instruments attached as exhibits." *Id.* (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). However, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

**1. Age Discrimination**

Defendants argue that Plaintiff's ADEA claim is barred because of his failure to timely file a charge of age discrimination with the EEOC. The discrimination allegedly occurred when Defendants denied Plaintiff two promotions in November 2009. "A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. Ind. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). "A person who seeks relief under the Age Discrimination in Employment Act must ... file with the EEOC a charge of discrimination 'within 180 days after the alleged unlawful practice occurred.'" *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 95 (7th Cir. 1993) (quoting 29 U.S.C. § 626(d)(1)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003)(citations omitted). There is an exception for "claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges. Those claims may also be brought." *Id*. (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)).

Although Plaintiff filed a charge of discrimination December 15, 2009, well within the time period allowed, his EEOC Charge only claimed discrimination based on sex, race, and retaliation. Plaintiff stated that he believed he suffered discrimination "in retaliation of filing an EEOC complaint and based on my race/black and my sex/male in violation of Title VII of the Civil Rights Act of 1964, as amended." Nowhere in the Charge, either in the text included by Plaintiff or in the boxes for indicating the bases of discrimination, is there any notice of an age discrimination complaint. In fact, the document contains no mention of Plaintiff's age whatsoever, giving no indication that an age discrimination claim may be reasonably related to or grow out of an investigation of his charges of race and gender discrimination.

Plaintiff failed to file a charge of age discrimination with the EEOC. Therefore, Plaintiff's age discrimination claims must be dismissed.

**2. Gender Discrimination**

In order to establish a prima facie case for reverse sex discrimination under Title VII, the Plaintiff will have to show that (1) he was a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he was subjected to a materially adverse employment action; and (4) others outside the protected class were more favorably treated. *Farr v. St. Francis Hosp. and Health Ctrs.*, 570 F.3d 829, 833 (7th Cir. 2009). However, he need not show all four elements in order to survive a motion for judgment on the pleadings; Plaintiff need only allege that "the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

The Plaintiff indicates in his Complaint that he is a male, which is a protected class under Title VII. *Farr,* 570 F.3d at 833. He also alleges that he suffered "discrimination ... concerning Asst. Head Custodian position at Merrillville High School and a Head Custodian position at Saulk

[sic] elementary school" and goes on to allege that he suffered "discrimination of seniority due to race and gender." Compl. ¶¶ I, VI. These statements sufficiently allege that Plaintiff's employer instituted an adverse employment action, by passing him over for specific jobs, and that the action was taken based on his gender. Therefore, his claims of gender discrimination survive the motion for judgment on the pleadings.

### 3. Race Discrimination

Likewise, "a plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by 42 U.S.C. § 2000e-2 may allege the defendant's intent quite generally: '"I was turned down for a job because of my race" is all a complaint has to say'" in the liberal notice pleading system. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (7th Cir. 2007) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). As mentioned above, Plaintiff alleges exactly that: that he was turned down for the head custodian positions because of his race and gender. Compl. ¶¶ I, VI. The Motion for Judgment on the Pleadings as to Plaintiff's race discrimination claims is denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion for Judgment on the Pleadings [DE 8] and **DENIES** the Motion for Summary Disposition [DE 13].

So ORDERED this 24th day of November, 2010.

>  s/ Paul R. Cherry
>  MAGISTRATE JUDGE PAUL R. CHERRY
>  UNITED STATES DISTRICT COURT

cc: All counsel of record
     Plaintiff, *pro se*